**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL M. HOWARD ) | 1:11-cv-01053-AWI-BAM |
| ) | |
| Plaintiff, ) | ORDER TO SHOW CAUSE RE: |
| ) | DISMISSAL OF ACTION |
| v. ) | |
| ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION aka Freddie Mac; U.S. ) | |
| BANK, N.A., as Trustee for TruCap ) | |
| Grantor Trust 2010-2; and ASSURED ) | |
| LENDER SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Court refers the parties to the orders issued February 24, 2012, May 11, 2012 and June 12, 2012 for a partial chronology of the proceedings. On June 24, 2011, plaintiff Paul M. Howard ("Plaintiff") filed his complaint against defendants Federal Home Loan Mortgage Corporation aka Freddie Mac, U.S. Bank, N.A., as Trustee for TruCap Grantor Trust 2010-2 ("US Bank") and Assured Lender Services, Inc. ("ALS"), asserting causes of action for (1) quiet title/declaratory relief (against all defendants), (2) injunctive relief (against US Bank and ALS), (3) breach of contract (against Freddie Mac) and (4) breach of the implied covenant to convey title free of liens (against Freddie Mac).

On June 24, 2011, Plaintiff filed a motion for a temporary restraining order enjoining US Bank and ALS from proceeding with a foreclosure sale of Unit 4 of real property located at 2108

Palisade Avenue, #1-4, Modesto, California 95350. Plaintiff further moved for issuance of an order to show cause re: preliminary injunction enjoining US Bank, ALS and their representatives from proceeding with the foreclosure sale during the pendency of the litigation.

On June 24, 2011, the Court granted Plaintiff's motion for a temporary restraining order and further directed US Bank and ALS to appear before the Court on July 11, 2011 and show cause why a preliminary injunction should not be granted "enjoining Defendants and their officers, employees, agents, servants, contractors, and representatives, and all persons and entities acting by or through them from proceeding with a Trustee Sale . . . on Unit 4" of the Palisade Avenue property.

After a series of continuances, the Court issued a preliminary injunction on February 24, 2012 enjoining and restraining US Bank, ALS and their officers, employees, agents, servants, contractors and representatives and all persons and entities acting by and through them from proceeding with a trustee's sale of Unit 4 of the Palisade Avenue property. *Howard v. Federal Home Loan Mortgage Corporation,* slip copy, 2012 WL 639458 (E.D.Cal. February 24, 2012).

On May 9, 2012, the case settled pursuant to a settlement conference held before the Magistrate Judge. By minute order issued May 11, 2012, the Magistrate Judge directed the parties to file a joint request to dissolve the preliminary injunction for this Court's consideration so that the necessary conveyances of the Palisade Avenue property could be accomplished. The joint request was due no later than May 30, 2012. No request was filed within the time allotted.

On June 1, 2012, the Court, in light of the settlement, extended the time to file by two weeks, giving the parties through June 13, 2012 to file their joint request to dissolve the preliminary injunction. The Court cautioned that if the parties failed to file a joint request by the foregoing date, an order to show cause re: monetary and/or terminating sanctions would be issued forthwith. The Court further directed the parties to file a joint status report concurrently with the request to dissolve. No status report or request to dissolve has been filed by the parties as of June 14, 2012.

Accordingly, the parties are ORDERED to show cause in writing by 4:00 p.m. on Thursday, June 21, 2012, why a joint request to dissolve the preliminary injunction and status report have not

been filed and why this action should not be dismissed for failure to comply with the May 11, 2012 and June 1, 2012 orders.  Failure to show cause or otherwise respond to this order shall result in a lifting of the preliminary injunction previously entered pursuant to the Court's February 24, 2012 order and a dismissal of the action with prejudice as against all defendants.  (Although the final settlement terms were placed into the record at the settlement conference, the Court shall nonetheless retain jurisdiction to enforce the settlement agreement between the parties.)

IT IS SO ORDERED.

Dated:     June 15, 2012                                                              _____
                                                                                         CHIEF UNITED STATES DISTRICT JUDGE