1  Stephen C. Seto, SBN 175458
   BERGQUIST WOOD McINTOSH SETO LLP
2  1470 Maria Lane, Suite 300
   Walnut Creek, CA  94596
3  Telephone:    (925) 938-6100
   Facsimile:    (925) 938-4354
4
   Attorneys for Plaintiff  Paul Howard
5

6

7                    UNITED STATES DISTRICT COURT

8                   EASTERN DISTRICT OF CALIFORNIA

9                          FRESNO DIVISION

10

11 PAUL M. HOWARD                          Case No. 1:11-cv-1053

12            Plaintiff,

13 vs.                                     **STIPULATION AND ORDER FOR LEAVE
                                           TO FILE VERIFIED FIRST AMENDED
14 FEDERAL HOME LOAN MORTGAGE              COMPLAINT FOR QUIET
   CORPORATION aka Freddie Mac, U.S.       TITLE/DECLARATORY RELIEF**
15 BANK, N.A., as Trustee for TruCap
   Grantor Trust 2010-2, and ASSURED
16 LENDER SERVICES, INC.

17            Defendants.

18                              **RECITALS**

19        1.     The subject matter of this litigation is a four-plex condominium located at 2108

20 Palisade Avenue, #1-4, Modesto, CA (the "Property").

21        2.     In 2007, Defendant Geraldo Ramirez obtained four loans (the "Loans") from

22 Wells Fargo secured by four deeds of trust (sometimes collectively referred to as the "Deeds of

23 Trust").  In each of the Deeds of Trust, the common address describes a single unit of the four-

24 plex Property, but the accompanying legal description attached to each describes all four units

25 that comprise the Property.  The Deeds of Trust are sometimes individually identified as

26 follows:

27        Instrument No.              Identified Unit No.      Described herein as

28        2007-0097290                One                      First Deed of Trust

                                     -1-

                                STIPULATION

| | | | |
|---|---|---|---|
| 1 | 2007-0097296 | Two | Second Deed of Trust |
| 2 | 2007-0097290 | Three | Third Deed of Trust |
| 3 | 2007-0097292 | Four | Fourth Deed of Trust |

3.    In 2008, Ramirez defaulted on one or more of the Loans.  A foreclosure sale on the Property followed, and on August 1, 2008, a Trustee's Deed Upon Sale (the "Trustee's Deed") was executed in favor of defendant Freddie Mac.  The Trustee's Deed states that "Units 1 through 4 of Lot 33" are being transferred to Freddie Mac."

4.    In the summer of 2009, Plaintiff and Freddie Mac entered into a purchase agreement (the "Purchase Agreement") for Plaintiff to purchase the Property from Freddie Mac for $220,000 (the "Sale").  The Sale closed, and on July 22, 2009, Freddie Mac executed a Grant Deed conveying the Property to Plaintiff.

5.    Despite the Sale and corresponding Grant Deed, on December 3, 2010, Freddie Mac caused the trustee under the Fourth Deed of Trust to rescind the Trustee's Deed.  In February 2011, Freddie Mac's beneficial interest in the Fourth Deed of Trust was assigned to U.S. Bank, N.A., as Trustee for TruCap Grantor Trust 2010-2.

6.    In 2011, Howard initiated this action for quiet title regarding U.S. Bank's purported lien interest in the Property and for a determination that he is the sole fee simple owner of the Property.  U.S. Bank has since assigned its beneficial interest in the Fourth Deed of Trust back to Wells Fargo and is being dismissed from this action.  The Second Deed of Trust has not been foreclosed, and Wells Fargo continues to hold it as beneficiary.  Wells Fargo foreclosed on the Third Deed of Trust in June 2011 and a trustee deed was delivered to Wells Fargo.  Wells Fargo then signed a Grant Deed transferring its interest in the Property to Freddie.

7.    Plaintiff now seeks leave to amend the Complaint to include the Property's former owner Geraldo Ramirez as a defendant to ensure that all persons/entities that potentially claim an interest in the Property are a party to Plaintiff's quiet title action.

**STIPULATION**

Based on the foregoing recitals, IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, as follows:

1    a.   Plaintiffs should be granted leave to file a First Amended Complaint, a copy of

2         which is attached as <u>Exhibit  A</u> and a redline version showing the changes from the

3         First Amended Complaint is attached as <u>Exhibit B</u>;

4    b.   Plaintiffs may proceed *ex parte*, if necessary, to request that the Court approve this

5         stipulation;

6    **c.**   This stipulation may be executed in counter-parts, and signatures by fax shall be

7         considered original signatures.

8    **IT IS SO STIPULATED**

9    Dated: January 30, 2013              **BERGQUIST WOOD McINTOSH SETO** LLP

10

11                                        /s/  *Stephen C. Seto*

12                                        STEPHEN C. SETO
                                          Attorneys for Plaintiffs

13

14   Dated:  January  30, 2013            **DAWE & CHRISTOPHERSON**

15

16                                        /s/  *Dean Christopherson*

17                                        Dean Christopherson
                                          Attorneys for Defendant
18                                        Freddie Mac

19

20

21

22

23

24

25

26

27

28

-3-

**ORDER**

By stipulation of the parties and good cause appearing, it is HEREBY ORDERED THAT:

1.  Plaintiff is granted leave to file a First Amended Complaint in the form substantially similar to the attached  Exhibit A.

2.  On or before February 12, 2013, Plaintiff shall file their first amended complaint as a separate docket entry.

IT IS SO ORDERED.

Dated:   **February 5, 2013**              /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

STIPULATION