**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL M. HOWARD<br><br>      Plaintiff,<br><br>   v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, U.S. BANK, N.A., ASSURED LENDER SERVICES, INC., GERARDO RAMIREZ<br><br>      Defendants. | Case No. 1:11-cv-01053 AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT<br><br>(Doc. 82) |

On June 13, 2013, Plaintiff Paul Howard ("Plaintiff" or "Howard") filed a Motion for Default Judgment against Defendant Gerardo Ramirez ("Defendant" or "Ramirez"). (Doc. 82). Defendant Ramirez has not responded to the motion or otherwise appeared in this lawsuit. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for July 19, 2013. (Doc. 85). For the following reasons, Plaintiff's Motion for Default Judgment should be **GRANTED.**

**BACKGROUND**

According to the complaint, in 2007, Defendant Ramirez purchased a four-plex condominium located at 2108 Palisade Avenue, #1-4, Modesto, CA 95350 ("Subject Property"). Decl. of Amanda Weatherly ("Weatherly Decl.") ¶ 5, ECF No. 82-4. Defendant Ramirez obtained

1

four loans from Wells Fargo secured by four separate Deeds of Trust. *Id.* ¶ 6. In each of these Deeds of Trust, the common address describes a single unit of the Subject Property; however, the legal description described all four units of the Subject Property. *Id.* ¶ 7. In 2008, Ramirez defaulted on all of the loans for the Subject Property. *Id.* ¶ 8. Subsequently, Cal-Western was designated as trustee and Freddie Mac the beneficiary for the Subject Property. Decl. of Paul Howard ("Howard Decl.) ¶ 4, ECF No. 82-3. Cal-Western commenced foreclosure proceedings and on August 1, 2008, Cal-Western executed a Trustee's Deed Upon Sale to Freddie Mac. Exhibit A, ECF No. 84-4. The Trustee's Deed reflects that Cal-Western conveyed the entire Subject Property to Freddie Mac. In the summer of 2009, Plaintiff and Freddie Mac entered into a purchase agreement for Plaintiff to purchase the Subject Property from Freddie Mac for $220,000.00. Howard Decl. ¶ 5. The sale closed and on June 22, 2009, Freddie Mac issued Plaintiff a Grant Deed, which purportedly conveyed the entire Subject Property. Exhibit 2, ECF No. 82-3. Because of a discrepancy with the Deed of Trust, Plaintiff filed this suit to quiet title to confirm that he is the sole fee simple owner of the Subject Property. Pl. Mot. for Default J. 3, ECF No. 82. Freddie Mac does not contest that Plaintiff purchased the entire Subject Property in his transaction on June 22, 2009. *Id.* ¶ 4.

Plaintiff filed his complaint on June 24, 2011 against Ramirez and the other defendants. ECF No. 1. Ramirez was served on February 25, 2013 and his answer was due by March 18, 2013. ECF No. 72. On March 26, 2013, after Ramirez failed to answer or otherwise defend against this action and upon Plaintiff's request, the Clerk entered default against Ramirez. ECF No. 78. On June 4, 2013, Plaintiff moved for default judgment against Ramirez. ECF No. 82.

Plaintiff seeks a judicial declaration that since July 22, 2009, he has been the sole fee simple owner of the Subject Property and that Defendant Gerardo Ramirez no longer has any legal interest in the Subject Property. The Court has reviewed the motion, the exhibits and affidavits, and the applicable law, and is sufficiently advised on the issues involved.

**LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a plaintiff can apply to the court for a default judgment against a defendant that has failed to plead or otherwise defend against the action. FED. R. CIV. P. 55(b)(2). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, MOORE'S FEDERAL PRACTICE § 55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)); *accord DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citation and quotation marks omitted)).

**DISCUSSION**

**A.    Service of Process and Jurisdiction**

Service of process on Ramirez was adequate. Ramirez is not an infant, incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Decl. of Stephen Seto ("Seto Decl.") ¶¶ 4-5, ECF No. 82-2. He was properly served with the complaint and summons by personal service at his home in Gilroy, California on February 25, 2013. *See* Seto Decl. at ¶ 3. Ramirez's answer was due by March 18, 2013. ECF No. 72. Ramirez failed to answer and on March 26, 2013, the clerk entered default against him. ECF No. 78.

The allegations in the complaint are sufficient to establish subject matter jurisdiction in this Court pursuant to 12 U.S.C. § 1452(f)(2).[1]

## B. The Eitel Factors

Having considered the *Eitel* factors as discussed below, the Court finds that default judgment is appropriate as to Plaintiff's claims.

### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor requires that the Court consider whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff militates in favor of granting a default judgment. *See PepsiCo, Inc*., 238 F. Supp. 2d at 1177. Here, Plaintiff would face prejudice if the Court did not enter a default judgment. Absent entry of a default judgment, Plaintiff would be without recourse for recovery given defendant's failure to participate in this litigation in any fashion. Further, a judgment of quiet title is the only way for Plaintiff to ensure that he has clean title to the property he has purchased. Accordingly, the first *Eitel* factor favors the entry of default judgment.

### 2. Substantive Merits and the Sufficiency of the Complaint

The second and third *Eitel* factors are the merits of Plaintiff's substantive claim and the sufficiency of the complaint. To state a claim to quiet title, "the complaint shall be verified" and must include all of the following: (1) a legal description of the property and its street address or common designation; (2) the title of the plaintiff and the basis of the title; (3) the adverse claims to the title of the plaintiff; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Code Civ. Pro. § 761.020. "In order to allege a claim to quiet title, Plaintiff must allege tender or offer of tender of the amounts borrowed." *Ricon v. Recontrust Co.*, Case No. 09cv937-IEG-JMA, 2009 U.S. Dist. LEXIS 67807,

---

[1] Section 1452(f) provides that "all civil actions" to which the Federal Home Loan Mortgage Corporation ("Freddie Mac") is a party "shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value . . . ." The statute further provides that:

> any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending . . . by following any procedure for removal of causes in effect at the time of such removal.

2009 WL 2407396, at *6 (S.D. Cal. Aug. 4, 2009); *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 2010 U.S. Dist. LEXIS 81087, 2010 WL 3155808, at *20 (N.D. Cal. Aug. 9, 2010) ("[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property.").

Plaintiff's complaint states plausible claims that Plaintiff retains an exclusive interest in the Subject Property. Plaintiff's complaint is well pleaded as it identifies Defendant Ramirez, explains the circumstances, and alleges that Ramirez no longer has a claim to the title of the Subject Property. Further, Plaintiff's Complaint is verified and contains a legal description of the property, the title, the adverse claims to title, and the date as of which the determination is sought, as described above. Plaintiff has also purchased the property therefore showing an ability to submit tender. The Court concludes that the Complaint alleges sufficient facts to support a claim for quiet title.

### 3. Sum of Money at Stake in the Action

Under the fourth factor cited in *Eitel*, the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Here, Plaintiff does not seek monetary damages; he seeks only quiet title. Accordingly, the Court concludes that this factor favors the entry of default judgment.

### 4. The Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and Plaintiff has provided the Court with well-plead allegations and declarations with exhibits in support. Here, the Court may assume the truth of well-plead facts in the complaint following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. Defendant's failure to file an answer in this case or a response to the instant motion further supports the conclusion that the possibility of a dispute as to material facts is minimal. *See*, *e.g.*, *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists.").

### 5. Whether Default was Due to Excusable Neglect

Upon review of the record before the Court, the Court finds that the default was not the result of excusable neglect. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Plaintiff served Ramirez with the summons and complaint by personal service at his home. Moreover, Plaintiff served Ramirez with notice of his motion for default judgment. ECF No. 82-5. Despite ample notice of this lawsuit and Plaintiff's intention to seek a default judgment, Ramirez has not appeared in this action to date. Thus, the record suggests that he has chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this *Eitel* factor favors the entry of a default judgment.

### 6. The Strong Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the Court is cognizant of the policy favoring decisions on the merits—that policy is unavailable here because Ramirez has not responded. This factor does not weigh against entry of default judgment.

Having reviewed Plaintiff's motion, Plaintiff's complaint, and having considered the *Eitel* factors as a whole, the Court concludes that the entry of default judgment is appropriate against the Defendant Gerardo Ramirez. Thus, Plaintiff's request to quiet title as against Defendant Gerardo Ramirez should be GRANTED.

## **CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that :

1. Plaintiff's Motion for Default Judgment against Gerardo Ramirez be GRANTED;

2. The Court enter the following judicial declaration in favor of Plaintiff Paul Howard:

   a. Since June 22, 2009, Plaintiff Paul Howard is the sole owner in fee simple absolute, and in actual and peaceable possession, of the real property commonly described as 2108 Palisade Avenue, #1-4, Modesto, California 95350 ("Subject Property");

    b. Defendant Gerardo Ramirez has no estate, right, title, interest, or claim in or to the Subject Property, or any part of the Subject Property, either legal or equitable, present or future, vested or contingent;

    c. Plaintiff Paul Howard's title to the Subject Property is established and quieted against all the world.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 12, 2013**    /s/ *Barbara A. McAuliffe*
                UNITED STATES MAGISTRATE JUDGE